Joseph Liffe, J.
Petitioner Bethbowl Corporation moves pursuant to CPLR 7503 (subd. [b]) for an order to stay arbitration which was sought by a notice of intention to arbitrate served by the respondent upon ‘ ‘ Bethpage Bowl ’ ’ as employer. Petitioner claims that it did not enter into an agreement with the respondent and that it purchased the assets of Bethpage Bowl from Sports Arenas, Inc. on September 14, 1966 after termination of the agreement between the former owner and the union.
At the hearing held at Special Term, Part II, for the purpose of determining whether a binding arbitration agreement existed, this court heard the testimony of Dominick M. Santiago, Jr., the *701 president of the respondent and Alfred E. Farrell, president of the petitioner and received certain exhibits.
An agreement, made between the union and Bethpage Bowl (Sports Arenas, Inc.) on July 1, 1963, was to become effective July 15, 1963 for a term expiring July 14, 1966. It contained a provision for its automatic renewal from year to year thereafter unless modified or terminated by 60 days’ prior written notice. No such notice was given and therefore the agreement was automatically renewed.
Mr. Farrell, the petitioner’s president, had been employed as manager of the establishment. He regularly met with the union representatives and was in daily communication with the employees under his supervision who were members of that union and subject to the agreement. He had a copy of the union agreement in his possession but stated that he had no knowledge of the terms of the agreement nor of the provision for an automatic renewal. He says that in response to his inquiry made when he purchased the assets, he was informed that there was no union contract in existence.
It has been held that labor disputes involving the arbitration clause of collective bargaining contracts should be determined under the principles of Federal Labor Law (Matter of Long Is. Lbr. Co. [Martin], 15 N Y 2d 380). In Wiley & Sons v. Livingston (376 U. 8. 543) the United States Supreme Court established broad standards for the determination of issues such as the one here involved and after stating the principles which would be considered it declared that the ordinary rules would not apply since a collective bargaining agreement is not an ordinary contract and that whether or not the agreement might be held to bind one not a party to it would turn upon whether there had been established a “ continuity of identity”. The rule stated in Wiley which involved a merger of companies was followed in United Steelworkers of America v. Reliance Universal (335 F. 2d 891) where there was an actual change of ownership (cf. McGuire v. Humble Oil & Refining Co., 335 F. 2d 352; Local Joint Executive Bd. v. Joden, Inc., 262 F. Supp. 390).
In International Brotherhood of Pulp, Sulphite & Paper Mill Workers v. Great Northwest Fibre Co. (263 F. Supp. 167) a vendee was held to be bound by a collective bargaining contract in spite of an express provision in the agreement made between the vendor and vendee that the latter should not be bound by it.
Here the assets of a going business were sold to a corporation whose chief executive officer had been the manager for the vendor. It was sold as an entity and continued to function under the same name style. There was no break in the continuity of *702 operation. Mr. Farrell knew the employees, he knew of the agreement and the employees continued in the employ of the corporation which he headed.
The petition is dismissed. Even the question of the “ termination ’ ’ of the agreement has been held to be one for the arbitrator (Matter of Burt Bldg. Materials Corp. [Local 1205], 18 N Y 2d 556).